UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | |
|---|---|
| ROSE M. PHILLIPS, et al, ) | |
| ) | Civil No. 16-466-DCR-CJS |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| PTS OF AMERICA, LLC, et al, ) | |
| ) | |
| Defendants. ) | |

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on: 1) Motion of Defendants Louisville Metro Government ("LMG") and Mark E. Bolton, in his individual capacity, to dismiss for failure to state a claim upon which relief can be granted (R. 37); and 2) Motion of Defendants Mississippi County, Missouri ("Mississippi Co.") and William Dorris to dismiss for lack of venue (R. 40). Plaintiffs have filed Responses to the Motions (R. 44; R. 45). Defendants LMG and Bolton have filed a Reply (R. 47). Defendants Mississippi Co. and Dorris have not filed a Reply and their time to do so has expired. These Motions have been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). (R. 9). For the reasons that follow, it will be recommended that the Motion to Dismiss filed by Defendants Mississippi Co. and Dorris (R. 40) be **denied.** It will be further recommended that this matter be **transferred** to the United States District Court for the Western District of Kentucky, and that the Motion to Dismiss filed by Defendants LMG and Bolton (R. 37) be adjudicated by that court after transfer.

I.   **Factual and Procedural Background**

In their Second Amended Complaint, Plaintiffs Rose M. Phillips, administrator of the estate of William Culpepper, Jr.; Michelle Meyer, as parent and next friend of W.C., minor daughter of

William Culpepper, Jr. ("Culpepper"); and Brandon Green, the adult son of Culpepper, who was a minor at the time of William Culpepper, Jr.'s death, claim pursuant to 42 U.S.C. § 1983 that Defendants violated Culpepper's rights under the Eighth and Fourteenth Amendments to the United States Constitution. (R. 29, at 3) . Plaintiffs also allege several state law claims. (*Id.*).

Culpepper was arrested in Louisville, Kentucky on December 20, 2015, on an outstanding warrant issued by the State of Mississippi. (*Id*. at 8). He was housed at the Louisville Metro Department of Corrections ("LMDC") pending transport to Mississippi. (*Id*.) At approximately 10:00 a.m. on January 29, 2016, a PTS of America, LLC ("PTS") van arrived at LMDC to transport Culpepper. (*Id*.). PTS is a company that provides prisoner transportation services. (*Id*. at 4). The van was operated by three PTS employees, Defendants Richard Haskins, James Crook, and Elva Earnhart. (*Id*. at 8). While Culpepper's intended destination was Central Mississippi Correctional Facility in Pearl, Mississippi, there was one overnight stop planned at the Mississippi County Detention Center ("MCDC") located in Mississippi County, Missouri. (*Id*.).

Before Culpepper was released from LMDC custody into the custody of PTS for transport, Culpepper allegedly reported to Defendants Haskins, Crook, and Earnhart that he had a bleeding ulcer and was experiencing abdominal pain. (*Id*.). Defendants Haskins, Crook, and Earnhart spoke with Defendant McKinney, a LMDC nurse and employee of Defendant Correct Care Solutions, LLC, regarding Culpepper's complaints. (*Id*.). Nurse McKinney responded that Culpepper had no medical history to support his complaint and directed Culpepper be given antacids during the trip. (*Id*. at 8-9). Defendants Haskins, Crook, and Earnhart were also informed, prior to transport, that Culpepper was a diabetic and had been non-compliant with his medications. (*Id*. at 9).

During transport to MCDC, Culpepper continued to complain about abdominal pain. (*Id*.). At one point, Defendants Haskins, Crook, and Earnhart claim they contacted a nurse at LMDC about Culpepper's complaints, who allegedly directed them to continue to administer antacids. (*Id*.). Defendants also took Culpepper's blood sugar twice during the trip and, on both occasions, his blood sugar was high—in excess of 600 mg/dl. (*Id*.).

The PTS van arrived at MCDC around midnight that night. (*Id*.). Defendants Haskins, Crook, and Earnhart escorted two other inmates from the van into MCDC, wherein they told an officer and employee of the Jail, Defendant Dorris, and other MCDC employees that Culpepper was still in the van, "refusing to come in." (*Id*.). Defendant Dorris went to the van to help move Culpepper into the jail and found Culpepper barely responsive. (*Id*.).

After Culpepper was taken inside MCDC around 12:18 a.m., Dorris and the Administrator at MCDC, Defendant Cory Hutcheson, refused to admit Culpepper to the Jail "until he was stable and medically cleared." (*Id.* at 10). By approximately 12:25 a.m., Culpepper was unconscious. (*Id.*). An ambulance was called at approximately 12:40 a.m. and Defendants Hutcheson, Dorris, and other MCDC employees placed Culpepper into a wheelchair and transported him to the MCDC lobby to await arrival of the ambulance. (*Id*.). When the ambulance arrived at 12:50 a.m., Culpepper was unresponsive, had no pulse, and could not be revived. (*Id.*). The coroner subsequently determined that Culpepper died due to a perforated duodenal ulcer. (*Id*.).

## II.    Analysis

As pointed out above, Defendants LMG and Bolton, in his individual capacity, have now filed a Motion to Dismiss for failure to state a claim upon which relief can be granted (R. 37) and Defendants Mississippi Co. and Dorris have filed a Motion to Dismiss for lack of venue (R. 40). In

the Motion to Dismiss for lack of venue, Defendants submit that the Eastern District of Kentucky is not the proper venue for this action under 28 U.S.C. § 1391 and, as a result, the Court should dismiss the Second Amended Complaint against Defendants Mississippi Co. and Dorris. (*Id.* at 2). The Court's analysis reveals that venue is improper under 28 U.S.C. § 1391, but as explained below, transfer rather than dismissal is the appropriate remedy under the circumstances here.

      A.     **Venue in the Eastern District of Kentucky is Improper**

There is no special venue statute for § 1983 civil rights actions. *Gamble v. Whitmer*, No. 3:12-cv-P481-H, 2012 WL 4460460, at *1 (W.D. Ky. Sept. 25, 2012); *Schaeffer v. Kentucky*, No. 3:11-cv-P516-R, 2011 WL 5975380, at *1 (W.D. Ky. Sept. 21, 2011). Looking therefore to the general venue statute, a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Based on the above language, subsection (3) of the venue statute is not applicable unless both subsections (1) and (2) do not provide a judicial district in which an action may be brought. *Schultz v. Ary*, 175 F. Supp. 2d 959, 965 (W.D. Mich. 2001) (stating "subsection (3) only applies 'if there is no district in which the action may otherwise be brought'"); *see also Maisano v. Corizon Health, Inc.*, No. 3:13-cv-0947, 2013 U.S. Dist. LEXIS 137502, at *8 (M.D. Tenn. Sept. 25, 2013) (referring to 28 U.S.C. § 1391(b)(3) as a "last-resort venue provision"). "Once venue is challenged by a defendant, plaintiff has the burden of proof to establish that venue is proper

4

in the district in which the claim has been brought." *Medquist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999) (citations omitted).

In their Motion, Defendants Mississippi Co. and Dorris argue that venue is improper in the Eastern District of Kentucky because, under § 1391(b)(2), it is "clear that the Eastern District of Kentucky is not the district where [a] substantial part of the events occurred as alleged in Plaintiffs' Second Amended Complaint, but rather the State of Missouri is where a substantial part of the events are alleged to have occurred." (R. 41, at 2). These Defendants further contend that the majority of the witnesses and parties reside in Missouri. (*Id.* at 3). Thus, according to Misssissippi Co. and Dorris, suit could have been properly instituted against them in the United States District Court for the Eastern District of Missouri, Southeastern Division, and venue is improper in the Eastern District of Kentucky.

In Response to Defendants' Motion to Dismiss for improper venue, Plaintiffs argue that the first two sections of 28 U.S.C. § 1391(b) do not apply in this matter. (R. 45, at 4). Specifically, Plaintiffs argue that § 1391(b)(1) does not apply because there are named Defendants residing in Missouri, Tennessee, and Kentucky. Plaintiffs also contend that "it is unquestionable that this case does not meet the criteria set forth in 28 U.S.C. § 1391(b)(2)—the events in this case stretch from Louisville, Kentucky to Charleston, Missouri and involve all points in between." (*Id.*). Accordingly, Plaintiffs claim § 1391(b)(3) determines the appropriate venue in this case. Plaintiffs argue that Defendant PTS does business in Kentucky, and its registered office is located in Lexington, Kentucky, which is within the Eastern District of Kentucky. (*Id.*). Plaintiffs contend that this fact renders PTS subject to personal jurisdiction in this Court, and thus, the Eastern District of Kentucky

5

is one of the districts where this action could be brought for purposes of venue under § 1391(b)(3). (*Id.* at 6).

Notwithstanding Plaintiffs' position that venue is proper in this Court, Plaintiffs state that they would have no objection were Defendants to agree to a transfer of this case to an appropriate division of the Western District of Kentucky for the convenience of the parties. (*Id.*) Plaintiffs cite to 28 U.S.C. § 1404(a), which statute permits a district court, for the convenience of the parties, to transfer any civil action to any other district where it might have been brought or to which all parties have consented. (*Id.*).

Review of the parties' arguments raises the question of which subsection of 28 U.S.C. § 1391(b)—(2) or (3)—applies here to determine proper venue. Under subsection (2), proper venue lies in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, but what if the events or omissions occurred in more than one judicial district? If subsection (2) does not apply in such circumstances, then subsection (3) provides that venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. Plaintiffs rely upon and point to subsection (3) as the reason why they filed in this District and why this District is therefore proper.

In rendering these determinations in the context of a § 1983 action, a factually similar case from the District of Colorado, *Gwynn v. TransCor America, Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. Oct. 21, 1998), is instructive. In *Gwynn*, defendant TransCor, an extradition transport company, transported plaintiff and then-inmate Gwynn from Oregon to Colorado. *Gwynn*, 26 F. Supp. 2d at 1260. The trip took 145 hours and the route passed through Oregon, California, Nevada, Utah, Wyoming, Idaho, and Colorado. *Id.* During the trip, Gwynn was under the custody and

6

control of two TransCor employees operating a van owned by TransCor. *Id*. At the end of the trip, these two employees delivered Gwynn to the custody of a jail in Jefferson County, Colorado. *Id*.

Gwynn filed suit against TransCor and the two employees, asserting *inter alia* that one of the employees raped and sexually assaulted her repeatedly during the trip, and the other employee failed to report or prevent these assaults. *Id*. According to Gwynn, specific acts occurred in Caldwell, Idaho, Vale, Oregon, and at a rest stop in an unspecified state. *Id*. Gwynn also alleged the employee fondled and assaulted her in every state through which he transported her. *Id*. Gwynn claimed that these actions constituted violations of 42 U.S.C. § 1983. *Id.* at 1259.

These two employees filed a motion to dismiss the case against them, arguing, among other things, that venue was improper in Colorado. *Id*. at 1260. Specifically, defendants argued that venue was improper under 28 U.S.C. § 1391 because insufficient events leading to Gwynn's claim occurred in Colorado to render Colorado the proper venue. *Id*. at 1261. Defendants pointed to the fact that less than two hours of the 145-hour trip occurred in Colorado, a substantial portion of the employee's alleged sexual assaults did not occur in Colorado, and no rape occurred in Colorado. *Id*. Thus, argued defendants, Gwynn had not established a substantial portion of the events leading to her claim occurred in Colorado where she filed suit. *Id*.

In its analysis of the defendants' motion, the court cited to 28 U.S.C. § 1391(b), which permits a civil action to "be brought . . . in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." *Id*. The court explained, "[u]nder this provision, several districts may qualify as the location of substantial events. 'The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too.'" *Id*. (quoting David D. Siegel, "Commentary on the

1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2)," *printed in* 28 U.S.C.A. § 1391 at 13 (West 2006)). The court further provided, "[e]ven if a more substantial portion of the activities giving rise to the claim occurred in other districts, venue is proper if the district the plaintiff chose had a substantial connection to the claim. *Id.* (citing *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir.1994)).

In making its determination on whether a substantial portion of the events giving rise to Gwynn's claim occurred in Colorado, and thus whether venue was proper in Colorado, the court looked to the substantive law underlying Gwynn's claim. *Id.* (citing *Merchants National Bank v. Safrabank*, 776 F. Supp. 538, 541 (D. Kan. 1991)). In particular, the court stated that "[t]he essential elements of any claim under § 1983 are that 'the conduct complained of was committed by a person acting under color of state law,' and the 'conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* at 1262 (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986)).

Applying the substantive law to the facts as alleged by Gwynn, the court first found that there was no question that the alleged acts of TransCor and its two employees constituted action under color of state law. *Id.* The court then found the events that allegedly took place in Colorado—Gwynn alleged she was sexually assaulted in each state along the route—could support Gwynn's § 1983 claim because they form a substantial portion of the events giving rise to her claim even without the events alleged to have occurred in other states. *Id.* (citing *United States v. Hartbrodt*, 773 F. Supp. 1240, 1242 (S.D. Iowa 1991)). As a result, the court found that venue in Colorado was proper and denied the defendants' motion to dismiss for improper venue. *Id.* at 1267.

Applying the analysis set forth in *Gwynn*, substantial parts of the events giving rise to Plaintiffs' claim here occurred in both the Western District of Kentucky and the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2). Here, like in *Gwynn*, "The essential elements of any claim under § 1983 are that 'the conduct complained of was committed by a person acting under color of state law,' and the 'conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* It is undisputed that each of the Defendants in this matter are individuals or entities that were acting under color of state law—either Kentucky or Missouri. Further, the alleged events or omissions that form the basis of Plaintiffs' claim of deprivation of constitutional rights all took place either in the Western District of Kentucky, prior to and during Culpepper's transport to MCDC, or in the Eastern District of Missouri where MCDC is located and to which Culpepper was transported.

In particular, Plaintiffs claim that LMG and Bolton violated Culpepper's constitutional rights by surrendering Culpepper—who was in need of medical care—to the custody of PTS at the LMDC in Louisville, Kentucky. (R. 29, at 11-12). Plaintiffs also allege that Defendants PTS, Haskins, Crook and Earnhart violated Culpepper's constitutional rights by accepting custody of Culpepper at LCDC and yet failing to seek needed medical attention for Culpepper during the over 13-hour commute through Kentucky to Missouri. *Id.* at 9. Finally, Plaintiffs contend that Culpepper was deprived of his constitutional rights when, upon arrival at MCDC, the officers and employees at that facility failed to immediately procure medical treatment for Culpepper, ultimately resulting in his death. *Id.* at 12.

Because the events and/or omissions that allegedly took place in either the Western District of Kentucky or the Eastern District of Missouri, standing alone, could support Plaintiffs' § 1983

9

claim, the events occurring in both states constitute events forming a substantial portion of the events giving rise to Plaintiffs' claim. As substantial parts of the events giving rise to Plaintiffs' claims occurred in both the Western District of Kentucky and the Eastern District of Missouri, the next question is whether venue would be potentially proper in either state or in both.

In this regard, the legal principles applied by the court in *Gwynn* would support a finding that venue lies in either the Western District of Kentucky or the Eastern District of Missouri. "Under [28 U.S.C. § 1391(b)(2)], several districts may qualify as the location of substantial events. 'The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too.'" *Gwynn*, 26 F. Supp. 2d at 1260. Indeed, the Sixth Circuit, in *First of Michigan Corp. v. Bramlet*, also looked to this interpretation of § 1391(b)(2) when considering challenges to venue. 141 F.3d 260 (6th Cir. 1998). Specifically, the Sixth Circuit reasoned, "[t]he fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial." 141 F.3d at 263 (quoting David D. Siegel, "Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2)," *printed in* 28 U.S.C.A. § 1391 at 13 (West 2006)). Looking to *Bramlet* and *Gwynn* in this case, venue would be proper in both the Western District of Kentucky and the Eastern District of Missouri because substantial events occurred, or failed to occur, in both districts pursuant to 28 U.S.C. § 1391(b)(2). Thus, subsection (b)(3) is not implicated because subsection (b)(2) applies. Without application of 28 U.S.C. § 1391(b)(3), venue is not proper in this District.

### B. Dismissal is not the appropriate remedy here

After determining that venue is improper in this District, the analysis turns to Defendants' requested remedy of dismissal. In their Motion, Defendants Mississippi Co. and Dorris argue "[b]ecause Plaintiffs' Second Amended Complaint fails to meet any of the three requirements pursuant to 28 U.S.C. § 1391(b), the Second Amended Complaint against the Missouri Defendants should be dismissed." (R. 41, at 3). Defendants cite a pair of cases in support of their argument to dismiss, but neither of the cases analyzes why dismissal, rather than transfer of the case would be a proper remedy. (R. 41, at 3). In one of the cases cited by Defendants, the court ultimately decided to transfer the case to a proper venue rather than dismiss the case. *See Pisani v. Diener*, No. 7-cv-5118, 2009 WL 749893, at *10 (E.D.N.Y. 2009).[1] While Plaintiffs' position is that venue is proper in this Court, which as addressed above is incorrect, Plaintiffs also state they have no objection to transfer of this matter to the Western District of Kentucky. (R. 45, at 5-6).

The statute applicable under these circumstances is 28 U.S.C. § 1406(a), which provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Although the statute does say that dismissal is an option when venue is laid in the wrong district, the court has broad discretion in ruling on whether dismissal or transfer would be the appropriate remedy. *See Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). Dismissal

---

[1] Defendants also cite to *Young v. Ellis*, in which the United States District Court for the District of Kansas dismissed the plaintiff's claim "under Rule 12(b)(3) for improper venue." No. 2:13-cv-2558, 2014 U.S. Dist. LEXIS 74654 (D. Kan. 2014). Although not binding on this Court, *Young* is nevertheless distinguishable from the case at hand because the court never addressed the possibility of transferring the case, and the court noted that there was a proper district in which the action could be brought even after dismissal. *Id.* at *3.

11

rather than transfer of a case may be appropriate in instances where the plaintiff misuses the court process, or makes such an obvious error that transfer is inappropriate as it would reward plaintiff's lack of diligence. *Id.* at 460 (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2nd Cir. 1992)). Plaintiffs here had a seemingly well-founded reason to file their case in the Eastern District of Kentucky based on their assessment of the venue statute. Doing so was not a misuse of the court process, and the error was not an obvious one. Therefore, dismissal is not recommended in this instance.

In exercising its authority under § 1406, "a district court has the power to *sua sponte* transfer a case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012). Although Defendants Mississippi Co. and Dorris request dismissal of the claims against them in lieu of transfer, this does not prohibit this Court from considering whether transfer is the more appropriate remedy in the interests of justice here. In considering whether the interests of justice dictate transfer of a case instead of dismissal, courts are guided by the policy "of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 741 (6th Cir.2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Marsh v. Genetech Inc.*, No. 11-11462, 2011 WL 2600641, at *1 (E.D. Mich. 2011) (stating "[i]t is in the interest of justice that Plaintiff's case be decided on its merits").

As a result, "the reasons for transferring a case to a proper forum rather than dismissing are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009). Here,

Plaintiffs have filed their claims pursuant to 42 U.S.C. § 1983 (R. 29, at 3), which does not contain a statute-of-limitations period. Therefore, federal courts are to "turn to state law for statutes of limitations in actions brought under [this] civil rights [statute]." *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Kentucky, the applicable statute of limitations is one year, as provided in K.R.S. § 413.140(1)(a). *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001); *see also Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (stating that "section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").

The allegations giving rise to Plaintiffs' claims in this matter occurred in January of 2016 (R. 29, at 8-9), and this action was commenced in December of 2016. (R. 1). Thus, it appears that dismissal of Plaintiffs' claims against the Missouri Defendants would preclude Plaintiffs from obtaining an adjudication of their claims on the merits. As it is in the interest of justice that Plaintiffs' claims be decided on their merits, rather than dismissed on procedural grounds, transfer of this case to a District where venue is proper, rather than dismissal of the case, would better serve the interests of justice.

    **C.**    **Transfer to the Western District of Kentucky is appropriate**

As the appropriate remedy is transfer of this matter to a district in which it could have been brought, the question now before the Court is to which jurisdiction this matter should be transferred. As discussed above, venue lies in both the Western District of Kentucky and the Eastern District of Missouri, so either forum would be appropriate under 28 U.S.C. § 1406. Prior to the 1990

amendment to § 1391(a)(2),[2] when choosing *the* appropriate forum, courts considered "the availability of the witnesses, the accessibility of other relevant evidence, and the convenience of the defendant." *N. Ky. Welfare Rights Ass'n v. Wilkinson*, No. 90-6268, 1991 U.S. App. LEXIS 11472, at *14 (6th Cir. 1991) (citing *Leroy v. Great Western United Corporation*, 443 U.S. 173, 185 (1979)). Looking generally at such considerations here suggests the Western District of Kentucky is an appropriate forum to which to transfer this action. Regarding the witnesses, while there is an identifiable group of persons located in Missouri who witnessed Culpepper's death and the circumstances leading up to his death, there are also a number of witnesses located in the Western District of Kentucky that can likely attest to Culpepper's condition while incarcerated and in the time leading up to and during his transport and ultimate death.

As for accessibility of other relevant evidence, Culpepper was arrested in Louisville, Kentucky, and held at LMDC for over a month. (R. 29, at 8). Therefore, much of the physical evidence, including Culpepper's inmate records and medical records regarding his time spent at LMDC, are located in the Western District of Kentucky. Culpepper's historical medical records and other relevant personal documents and information about him prior to his death will also be located in the Western District of Kentucky. And Plaintiff Phillips was appointed administrator of Culpepper's estate by the Jefferson County, Kentucky, District Court (*see* R. 29, at 4), which is located in the Western District of Kentucky.

---

[2] The subsection previously laid venue in *the* judicial district "in which a substantial part of the acts, events or omissions occurred that gave rise to the claim for relief," but after the amendment, venue was proper in *a* judicial district "in which a substantial part of the events giving rise to the claim arose." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). The new language removed the requirement that plaintiffs pinpoint the one and only forum in which the claim arose. *See* David D. Siegel, "Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2)," *printed in* 28 U.S.C.A. § 1391 at 13 (West 2006).

Finally, in considering convenience of a defendant, Defendants in this case are from both the Western District of Kentucky and the Eastern District of Missouri, as well as Tennessee. (R. 29, at 4-6). Therefore neither district is more convenient than the other in that aspect. In summary, the Western District of Kentucky is an appropriate forum for transfer purposes because numerous potential witnesses and parties as well as significant physical evidence are located in that District.

### III. Conclusion and Recommendation

Because this case was improperly filed in the Eastern District of Kentucky, the matter should be transferred to an appropriate forum in the interest of justice under 28 U.S.C. § 1406(a), the Western District of Kentucky being an appropriate forum.

Accordingly, **IT IS RECOMMENDED** that:

1) The Motion to Dismiss filed by Defendants Mississippi Co. and Dorris (R. 40) be **denied.**

2) This matter be **transferred** in its entirety, including the pending Motion to Dismiss filed by Defendants LMG and Bolton (R. 37), to the United States District Court for the Western District of Kentucky.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 150 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded

no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may file a response to another party's objection within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Dated this 12th day of September, 2017.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil lexington\2016\16-466 R&R recmdg trans to WDKy.wpd